# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN WAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1399 CDP |
| | ) | |
| ST. LOUIS BOARD OF POLICE | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kevin Wafford (registration no. 12153), a prisoner at the St. Louis City Justice Center (SLCJC), for leave to proceed in forma pauperis.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be

required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant informs the Court that he has requested, but been unable to obtain, his account statement from jail officials. Accordingly, the Court will not assess an initial partial filing fee.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 ( 2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520

(1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendant is the St. Louis Board of Police Commissioners. Plaintiff alleges that on or about September 28, 2006, he was falsely arrested without probable cause by a St. Louis City Police Officer. Plaintiff asserts that the arrest was constitutionally faulty because the description of the perpetrator given by the alleged victim of the robbery was that of a subject "6ft. tall with a dark complexion." Plaintiff states that he is "5ft. 4in. with a light complexion." Plaintiff claims that the St. Louis Board of Police Commissioners is responsible for the false arrest because it is charged with the training of the St. Louis Police Department.

**Discussion**

"It has long been established that the St. Louis Board of Police Commissioners may only be sued by bringing an action against the individual members of the Board in their official capacity. An action against the 'St. Louis Board of Police Commissioners' in that name alone does not lie." Best v. Schoemehl, 652 S.W.2d 740, 742 (Mo. App. 1983). Because plaintiff has filed this action against the Board

of Police Commissioners and not the individual members of the Board in their official capacities, the complaint fails to state a claim upon which relief can be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on the complaint because the complaint fails to state a claim upon which relief can be granted.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of November, 2007.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE